UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MEMORY DIVINE,

    Plaintiff,

  v.

HAMILTON COUNTY, OHIO
SHERIFF'S OFFICE,

    Defendant.

Case No. 1:24-cv-564

JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## OPINION AND ORDER

Defendant Hamilton County, Ohio Sheriff's Office (HCSO), the sole Defendant in this action, moves to dismiss for lack of personal jurisdiction on the grounds that HCSO is non sui juris. Plaintiff Memory Divine, proceeding pro se, has not responded to that motion. Nor has she responded to the Magistrate Judge's Order to Show Cause why the Court should not construe that motion as unopposed and grant it. Accordingly, the Court treats the motion as unopposed and **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 3). Moreover, because Divine cannot overcome the defect at issue as to HCSO in any forum, the Court **DISMISSES** Divine's Complaint (Doc. 2) **WITH PREJUDICE** as to HCSO.

## BACKGROUND

HCSO hired Divine, an African American woman, on March 17, 2023, as a probationary recruit. (Doc. 2, #20). She claims that, after she began in that role, other recruits made "overtly racist" remarks toward her. (*Id.*). Intimidated and offended, Divine reported their conduct to her supervisor, Sergeant Mulla. (*Id.*). But according

to Divine, Mulla never addressed her concerns. (*Id.* at #21). Then, three days later, on March 20, 2023, HCSO allegedly terminated Divine (although that date may be a typographical error).[1] (*Id.*). In connection with doing so, HCSO apparently told her that she had violated the Sheriff's Rules of Conduct by dying her hair green, using her smart watch at work, and failing to wear her full uniform to work, all of which, a HCSO representative told her, justified her termination. (*Id.*). Divine later learned, through documents filed with the Equal Employment Opportunity Commission, that HCSO also cited tardiness as a reason for terminating her. (*Id.*).

For her part, Divine denies that she failed to wear her uniform to work. (*Id.*) She adds that did not use her smart watch any differently or with any more frequency than other recruits. (*Id.*). And she also claims her hair was already green when HCSO hired her. (*Id.*). As for the tardiness, she admits reporting late one time. (*Id.*). But she says that other recruits were tardy on occasion and that HCSO did not discipline them. (*Id.*).

Unhappy with her termination, Divine sued HCSO in the Hamilton County, Ohio Court of Common Pleas, asserting claims for race discrimination (Count I), retaliation (Count II), and a hostile work environment (Count III) under Title VII, 28 U.S.C. § 1981, and equivalent Ohio law. (*Id.* at #22–23; Notice of Removal, Doc. 1).

---

[1] The Court is confused by the seemingly short period of time that allegedly elapsed between Divine's hiring (March 17, 2023) and firing (March 20, 2023), especially given that Divine alleges that her colleagues' racist conduct occurred "two weeks following her hire." (Doc. 2, #20–21). But the timeline does not impact the Court's evaluation of HCSO's motion, so the Court need not explore the issue further.

2

HCSO removed the case to this Court. (Doc. 1). And it now moves to dismiss Divine's Complaint. (Doc. 3). Specifically, HCSO argues that it is non sui juris, and that, as a result, the Court lacks personal jurisdiction over it. (*Id.* at #28–29).

Divine did not oppose HCSO's motion within the deadline the relevant rules impose. S.D. Ohio Civ. R. 7.2(a)(2); Fed. R. Civ. P. 6(d). Thus, Magistrate Judge Bowman ordered Divine either to show cause in writing why the Court should not construe HCSO's motion as unopposed and grant it for the reasons stated, or alternatively, to file a response to the motion by December 12, 2024. (Doc. 4, #30). Emphasizing the importance of responding, the Magistrate Judge further warned that "[f]ailure to timely comply with [the] Order [would] result in the pending motion being granted as unopposed[.]" (*Id.* at #31). Despite this entreaty, Divine has not complied with the Order or otherwise responded to the motion to dismiss.

So the motion is ripe.

## LAW AND ANALYSIS

**A.    The Motion to Dismiss Is Unopposed.**

At the outset, the Court concludes that HCSO's motion to dismiss is unopposed. HCSO moved to dismiss on October 21, 2024, (Doc. 3), so Divine's response was due November 14, 2024.[2] *See* S.D. Ohio Civ. R. 7.2(a)(2); Fed. R. Civ. P. 6(d). Divine, however, did not file one. True, Divine is proceeding pro se, so one could perhaps argue she did not realize that the rules required a response by that date. *Layne v.*

---

[2] Under Local Rule 7.2(a)(2), Divine had twenty-one days to respond. But HCSO served its motion to dismiss on Divine by ordinary mail. (*See* Doc. 3, #29). So under Federal Rule of Civil Procedure 6(d), Divine had three additional days to file a response.

3

*Thouroughman*, No. 1:23-cv-702, 2024 WL 3068872, at *3 (S.D. Ohio June 20, 2024). But, as noted, Magistrate Judge Bowman issued an Order to Show Cause on November 21, 2024, notifying Divine that her response was past-due. (Doc. 4). And that Order gave Divine nearly three additional weeks—until December 12, 2024—to either respond or show cause why the Court should not grant HCSO's motion. (*Id.* at #30). Yet, despite that warning, Divine still neglected to respond—either to the motion or the Order to Show Cause.

One wrinkle, though, bears mention. While the Clerk's Office mailed the Magistrate Judge's Order to Show Cause to Divine at the address she listed in her Complaint, it was returned as undeliverable. (Doc. 5). So it may be that Divine never received the Order, which could explain her failure to respond to the Order (and perhaps also her underlying failure to respond to the motion). That said, Divine has an affirmative duty to ensure that the Clerk's Office has a valid, current address, and to update that address if it changes. *Burks v. Ohio Dep't of Rehab. in Corr.*, No. 1:20-cv-93, 2022 WL 1183228, at *2 (S.D. Ohio Apr. 21, 2022) (citing *Barber v. Runyon*, 23 F.3d 406, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (Table)). If Divine's address has in fact changed since she filed this suit, nothing in the record suggests that she complied with that duty. Courts need to know how to contact litigants in pending matters. And if Divine neglected her duty to keep the Court apprised of how to do so, then she must bear the consequences of that failure, pro se status notwithstanding.

In light of Divine's failure to respond either to HCSO's motion or the Magistrate Judge's Order to Show Cause (or to update her address if that has

4

changed), the Court concludes that HCSO's motion is unopposed, *see Layne*, 2024 WL 3068872, at *3–4, which means Divine has "waived opposition to the motion," *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) (quoting *Scott v. Tennessee*, 1989 WL 72470, at *2 (6th Cir.1989)). That, in turn, means she has waived any arguments she could have otherwise presented.

**B.      The Court Dismisses Divine's Claims Because HCSO Is Non Sui Juris.**

The Court could perhaps grant HCSO's motion to dismiss based solely on the waiver that arose from Divine's failures to respond. *Layne*, 2024 WL 3068872, at *4. But between her pro se status and her apparent non-receipt of the Order to Show Cause, the Court concludes the more prudent course is to independently review the motion. *See id.* Ultimately, though, that review changes nothing—dismissal is still warranted.

Even if Divine had responded to the motion or the Order to Show Cause, the Court cannot conceive of how that response would have changed the outcome here. That's because the motion to dismiss correctly notes that HCSO—the sole Defendant Divine names in her Complaint—is non sui juris, which means it is not capable of being sued. *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) ("[F]ederal courts have held that, under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued."); *see also Berry v. Delaware Cnty. Sheriff's Off.*, 796 F. App'x 857, 860 (6th Cir. 2019) ("[T]he district court correctly granted summary judgment in favor of the Sheriff's Office because plaintiff failed to name a suable party."). Rather, HCSO is "merely [a] subunit[] of [Hamilton] County." *Layne*,

5

2024 WL 3068872, at *5 (quoting *Lenard v. City of Cleveland*, No. 1:17-cv-440, 2017 WL 2832903, at *2 (N.D. Ohio June 30, 2017)).

True, Divine's Complaint does refer to "Hamilton County[,] Ohio" as the Defendant one time. (Doc. 2, #19). But even if the Court construed Divine's Complaint as suing Hamilton County (as opposed to HCSO, the sole Defendant Divine actually names in the Complaint's caption), that still wouldn't cut it. Like HCSO, Hamilton County is non sui juris because it is a non-charter county, which means it too is incapable of being sued.[3] *Est. of Fleenor v. Ottawa Cnty.*, 208 N.E.3d 783, 786 (Ohio 2022) (quoting Ohio Rev. Code § 301.22) (explaining that a county with a charter "is capable of suing and being sued," but that a "different rule applies to unchartered counties"); *see also Local Government*, OHIO SEC'Y OF STATE (May 22, 2024), https://perma.cc/8565-6JCE.

Thus, no matter which of these parties (HCSO or Hamilton County) Divine intended to sue, the Court must dismiss her Complaint. *See Carmichael*, 571 F. App'x at 435 (explaining that when a defendant "is not a legal entity that is capable of being sued" under Ohio law, a district court's "dismissal of the claims against the [defendant is] proper").

But a question remains: should the Court dismiss Divine's Complaint with prejudice, or without? HCSO moved to dismiss for lack of personal jurisdiction. (Doc.

---

[3] Although Hamilton County is generally not subject to suit, there is perhaps one exception: "Courts have found that [] count[ies] [are] amenable to suit for purposes of a *Monell* claim under § 1983." *Phillips v. City of Cincinnati*, No. 1:18-cv-541, 2019 WL 2289277, at *10 (S.D. Ohio May 29, 2019) (citing *Smith v. Grady*, 960 F. Supp. 2d 735, 744 (S.D. Ohio 2013) and *Stack v. Karnes*, 750 F. Supp. 2d 892, 897 (S.D. Ohio 2010)). In any event, that exception is inapplicable here since Divine raises no § 1983 claims.

3, #25, 27–29). And indeed, at least some courts seem to view an entity's lack of capacity to be sued as resulting in a defect of personal jurisdiction.[4] *See, e.g.*, *Brodzki v. Topeka Police Dep't*, 437 F. App'x 641, 643 (10th Cir. 2011). Viewed in that light, the Court ordinarily would dismiss a complaint without prejudice, as the mere fact that *this* Court lacks personal jurisdiction does not foreclose the possibility that some *other* forum may have it. *See Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292, 298 (6th Cir. 2001) ("[D]ismissals for lack of jurisdiction[] ordinarily are without prejudice."). But that is not the case here, where the dismissal arises from lack of capacity to be sued. Under Federal Rule of Procedure 17(b), "[c]apacity to … be sued is determined … by the law of the state where the court is located," which here means Ohio. And as the Court has explained, under Ohio law, Divine cannot sue HCSO in any court—federal or state—because it's simply not a suable entity.[5] *See Carmichael*, 571 F. App'x at 435. The Court therefore opts to dismiss Divine's claims with

---

[4] Other courts view lack of capacity as an affirmative defense that courts should handle through a motion to dismiss for failure to state a claim. *See, e.g.*, *Pittman v. Rutherford*, Civ. Case No. 19-36, 2019 WL 5558572, at *3 (E.D. Ky. Oct 28, 2019) ("If a defendant lacks the capacity to be sued, [the p]laintiff fails to state a claim against it upon which relief can be granted, and claims against that defendant must be dismissed." (cleaned up)). In any event, regardless of how the Court views HCSO's lack of capacity (i.e., as a jurisdictional deficiency or an affirmative defense), the result is the same—under Ohio law, Divine cannot bring her suit against HCSO in any court, so the Complaint must be dismissed with prejudice as to that entity.

[5] True, as noted, Federal Rule of Civil Procedure 17(b) points to the law of the state "where the court is located," rather than the law of the state that created the political subdivision. So it is theoretically possible that a federal district court sitting in another state, and thus applying that state's law to the capacity question, might conclude that an Ohio non-charter county is sui juris. But the Court doubts that is the case. Presumably, the law of every state, in deciding whether a governmental subdivision of a different state has the capacity to be sued, looks to the law of that other state. Indeed, the Full Faith and Credit Clause may well demand that approach, *see* U.S. Const. art. IV, § 1, although that is an issue the Court declines to reach here.

prejudice as against HCSO.[6] That said, Divine remains free to refile her suit against a defendant who *is* capable of being sued (assuming the facts support such an action).

## CONCLUSION

For the above reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 3), and **DISMISSES** Divine's Complaint (Doc. 2) **WITH PREJUDICE** as to HCSO. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

January 13, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

[6] Despite Divine referring to Hamilton County as a Defendant once in the Complaint, the Court understands this suit to be against only HCSO. So the Court dismisses Divine's claims against that entity alone.